## Case No. 11,727.

### REYNOLDS v. BAKER.

[4 Cranch, C. C. 104.] [1]

Circuit Court, District of Columbia. Dec. Term, 1830.

TRESPASS—GENERAL ISSUE—WHAT MAY BE SHOWN THEREUNDER —POSSESSION.

Upon the general issue in trespass quare clausum fregit, where the plaintiff relies upon possession without title, it is competent for the defendant to show, by evidence, that the close which he broke was not the plaintiff's close.

Trespass quare clausum fregit.

Upon the general issue the defendant [John W. Baker] by his counsel, Mr. Redin, offered evidence to show a condemnation of the land for the Chesapeake and Ohio Canal, and a deed from Mrs. Mayfield to the canal company, and that the defendant entered under their authority.

Mr. Ashton, for plaintiff, objected that it was res inter alios acta, but showed no title in the plaintiff. The defendant cannot justify under the general issue. 2 Saund. Pl. 443.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

Mr. Redin, contra, cited 1 Chit. Pl. 492; Hyatt v. Wood, 4 Johns. 150; 2 Phil. Ev. 137; Bull. N. P. 90.

THE COURT permitted the condemnation and deed to be given in evidence.

The plaintiff [Matthew Reynolds] then showed his possession, and that the defendant, by his servants, entered the house and threw out the plaintiff's goods.

Mr. Ashton, for plaintiff, contended that this was all he was bound to prove, and the general issue only denies what the plaintiff has alleged in his declaration. If the defendant relies upon any thing else than the facts alleged by the plaintiff, it must be specially pleaded.

THE COURT (nem. con.) said, that any matter which tended to show that it was not the plaintiff's close, may be given in evidence under the general issue. The plaintiff's possession is evidence of his title against all the world but him who has a better title; and if the defendant shows a better title in himself, he shows that he did not break the plaintiff's close. The defendant, therefore, may show title in Mrs. Mayfield, or the canal company, under whose authority the defendant claimed to enter.

Verdict for plaintiff, $50.